## Case No. 6,695.

HOPKINS & DICKINSON MANUF'G CO.
v. CORBIN et al.

SAME v. PARKER & WHIPPLE CO. et al.

[14 Blatchf. 396; 3 Ban. & A. 199;[1] 14 O. G. 3.]

Circuit Court, D. Connecticut.   Jan. 30, 1878.[2]

PATENT—REISSUE—PRE-EXISTING DEVICE—"SASH-LOCK."

1. The claim of the reissued letters patent, granted October 11th, 1875, to the Hopkins & Dickinson Manufacturing Company, as assignees of George McGregor and George Voll, for an "improved sash-lock or sash-fastener," (the original patent having been granted to said Voll and McGregor, as inventors, March 30th, 1869,) namely, "a vibrating lever, provided with a bolt, in combination with a striking plate or hook, and with a catch segment behind which the bolt can pass, formed upon the plate upon which the lever is pivoted, the whole constituting a sash-fastener, and the parts enumerated in the claim being and operating substantially as specified," does not include a vertically moving bolt in combination with a socket upon the base-plate.

[See note at end of case.]

2. Where a patented invention is merely a combination subordinate to pre-existing devices, and has been limited to such sub-combination by the language of the claim, the patentee can-

1 [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 3 Ban. & A. 199; and here republished by permission.]

2 [Affirmed in 103 U. S. 786.]

not successfully insist that he is entitled to cover by such claim the pre-existing devices; and this is true where one of the joint inventors of the junior invention is also the inventor of the senior inventions.

[These suits were brought by the Hopkins & Dickinson Manufacturing Company against P. and F. Corbin and others, and against the Parker & Whipple Company and H. J. P. Whipple, for infringement of a patent.]

Charles F. Blake, for plaintiffs.

Charles E. Mitchell and Orville H. Platt, for defendants.

SHIPMAN, District Judge. These two cases are separate bills in equity, wherein the defendants in each case are charged with an infringement of reissued letters patent [No. 6,693], dated October 11th, 1875, and issued to the plaintiffs, as assignees, by mesne assignments, of George McGregor and George Voll. The original patent [No. 88,318] to Voll and McGregor was dated March 30th, 1869. The invention is an improved sash-lock or sash-fastener. An ordinary form of sash-lock consists of a base-plate fastened to the top rail of the lower sash, a striking-plate or hook-plate fastened to the bottom rail of the upper sash, and a vibrating lever, which is pivoted upon the base-plate, and which engages with each plate so as to prevent either sash from being opened. In the invention which is described in the reissue, a bolt is mounted in and moves with the vibrating lever, which bolt slides backward and forward in a line parallel to the axis of the lever. When the lever is in proper position, as the bolt slides forward, it shoots beyond a catch segment or projection upon the base-plate, so as to hold the vibrating lever and prevent it from being turned until the bolt is retracted. When the bolt is retracted, and is disengaged from the catch segment, the vibrating lever can be turned and the sash can be opened. The improvement is one form of a self-locking sash-fastener, the object of which is to prevent the lever from being moved by a knife inserted between the sashes from the outside of the window. The claim of the reissue is "a vibrating lever, provided with a bolt, in combination with a striking-plate or hook, and with a catch segment behind which the bolt can pass, formed upon the plate upon which the lever is pivoted, the whole constituting a sash-fastener, and the parts enumerated in the claim being and operating substantially as specified."

The defendants' devices are substantially alike. Each has a base-plate, a vibrating lever mounted upon the base-plate, a bolt mounted upon and moving with the vibrating lever, a striker-plate or hook, and a socket or depression upon the base-plate, so formed as to receive the bolt which moves up and down. The difference between the plaintiffs'

and defendants' devices consists in the fact, that, in the defendants' devices, the bolt moves in a line perpendicular to the line of the lever, instead of moving in a line parallel to the line of the lever, and engages with a socket or depression upon the base-plate, instead of engaging with a projection from the base-plate. The defendants' bolt has a motion and is fastened, as a latch moves and is fastened. The main question is that of infringement; and it is practically conceded by the defendants, that the determination of this question depends upon the proper construction of the plaintiffs' reissued patent. In order to construe the claim, it is important to ascertain what was the actual invention of the original patentees.

A horizontally moving bolt, to lock the vibrating lever to the striker plate or hook, and a vertically moving bolt for the same purpose, were old in the art, and are mentioned in the specification of the reissue. In each of these devices, the bolt shot into a socket or depression upon the striker plate. In January, 1868, George Voll, one of the joint patentees, invented a sash lock, in which a horizontally moving bolt was received and was locked in a hole or socket in a "stump" or projection upon the base plate. Application was made by Voll for a patent, on February 25th, 1868, which application was rejected on August 6th, 1868, upon the ground that the invention had been anticipated in the patent of Brockseifer and Sargent, dated May 11th, 1858, one of the patents which are referred to in the plaintiffs' reissue. No appeal was taken. Twelve or eighteen of these locks were manufactured in February, 1868, by Voll, and were sent to the store of George McGregor, Voll's employer. What became of these locks does not appear. Two or three weeks after the rejection, Voll invented another sash-fastener, which consisted of a vertically moving bolt, which engaged with a catch segment or projection upon the base plate. A completed bolt of this kind was made, and the device was sent to a firm of patent solicitors, who reported that it was unpatentable. Voll and McGregor then united their skill and efforts, and invented the device which is the subject of this controversy, and for which a patent was issued to them jointly, on March 30th, 1869.

The invention of Voll and McGregor was the combination of a horizontally moving bolt and a catch segment upon the base plate. It was not broadly the transfer of a known locking device, and its equivalent, from the striker plate to the base plate. In January, 1868, Voll had transferred a socket from the striker plate to the base plate, and had connected a bolt with such socket. The second lock of Voll, viz., the combination of a vertically moving bolt and a projection upon the base plate, was a second stage in the improvement. The invention of Voll and Mc-

Gregor was the final one of a series of separate inventions, in which series the prior inventions were made by one person before he was joined by his associate inventor. Each invention was distinct, and was separated from its successor by a completed, perfected and operative device. The prior inventions, although they may not have been abandoned by the sole inventor, were not included by the joint inventors in their joint invention. This is not the case of a joint invention which is the result of a progressive series of steps, which were taken by the two minds assisting each other in some degree. Neither is it the case of an invention which was completed by two acting jointly, after a series of experiments, not resulting in a perfected or an operative device, had been made by one of the inventors acting alone. In such a case, a court does not carefully dissect the invention, to ascertain what parts of the whole were furnished by each person. In this case, Voll first invented a means of locking upon the base plate. Whether this invention was patentable or not under the claim in his application, it is not necessary to consider. He next invented another combination, by which the same result was produced. It is agreed that this invention was patentable. The joint inventors thereafter invented a third device, which was the combination of Voll's horizontal bolt and catch segment. This was the only result of the joint labors and inventive skill of the two inventors.

Having thus ascertained the exact extent of the joint invention, the question next arises as to the proper construction to be given to the joint patent. The specification which was attached to the application for a reissue, evidently contained, in the description of the device, the words "socket or depression." By an amendment of the plaintiffs, these words were erased wherever they occurred, and "catch segment" were substituted therefor, before the reissue was granted. The plaintiffs seek to have their claim so construed as to include within the patent a locking device, as well by means of a socket or depression upon the base plate, as by means of a projection thereon. The invention which was actually made by the joint patentees covers a very narrow ground. It is to be noticed, that the defendants do not attack the validity of the patent, if it is confined to the joint invention. This invention was not broadly the combination of the old ingredients of socket or projection, so arranged as to lock the lever upon the base plate, because, that combination had been made by Voll; but it was an improvement upon the combination of Voll, and was subsidiary to his second invention. The joint patent, being subsidiary to the prior invention of one of the patentees, should not be extended so as to embrace the original invention. "Where a combination of machinery already exists up to a certain point, and

the patentee makes an addition or improvement to the machinery, he must confine his patent to the improvement." Barrett v. Hall [Case No. 1,047]. This limitation is sustained by the language of the reissue. If Voll had been the sole inventor and patentee of the joint invention, he might well have contended that his patent should be so construed as to embrace the different forms of locking devices upon the base plate which he invented, if such construction was not inconsistent with the language of his claim, and if he had not abandoned to the public any particular combinations, upon the principle, that "the actual invention of the party is a necessary auxiliary to the construction of the language which he has employed in describing it." Curt. Pat. § 453. But, inasmuch as the joint invention was within a very narrow compass, and the devices which are now claimed to be equivalents had anticipated it, the joint invention should not be made to relate back and include the pre-existing devices, although they were the sole invention of one of the joint patentees. "It is impossible that one person can be, at the same time, the joint and the sole inventor of the same invention." Barrett v. Hall [supra]. It is not intended to suggest any modification of the well understood principle, that the inventor of a combination is entitled to invoke the aid of equivalents (Seymour v. Osborne, 11 Wall. [78 U. S.] 516), but to simply assert, that, where an invention is merely a combination subordinate to pre-existing devices, and has been limited to such sub-combination by the language of the claim, the patentee cannot successfully insist that he is entitled to the pre-existing devices, and that this is true when one of the joint inventors of the junior invention is also the inventor of the senior inventions. Under this construction of the plaintiff's reissue, the defendants do not infringe, inasmuch as they use a vertically moving bolt in combination with a socket upon the base plate.

It is insisted by the plaintiffs that Voll and McGregor are estopped to deny that they were the joint inventors of the patented invention. Neither of the joint inventors have made this denial. They have each denied that they were the joint inventors of the device which their assignees seek to have protected by the reissue, but which the inventors insist was simply an improvement of the sole and unpatented invention of one of them.

The testimony of Voll and McGregor is seriously criticised in connection with their alleged willingness to make oath, for a pecuniary consideration, to the application for a reissue, wherein the joint invention is stated so broadly as to include Voll's sole invention. I have not thought it necessary to pass upon this question of fact, as their present testimony is so corroborated by the exhibits in the case as to remove doubt in regard to the character of the sole and joint inventions. Let a decree be entered dismissing the bill, with costs.

[NOTE. From this decree the plaintiffs appealed to the supreme court, where, in an opinion by Mr. Justice Woods, the decision of the circuit court was affirmed. 103 U. S. 786. It was held that if the reissued letters were to be construed, as the plaintiff insisted they should be,—and as the court thought they must be, from several inferences,—to include the sash-locks of the defendants, they are broader than the original letters, and therefore void. The invention of Voll and McGregor was reduced to "consist solely in the fact that the bolt in the locking lever, instead of being driven by a spiral spring into a hole in the post upon which the lever is pivoted, is driven past the end of a segment raised on the base plate."]